UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUTH ANDREWS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 1:15-CV-03128-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 15. Attorney D. James Tree represents Ruth Andrews (Plaintiff); Special Assistant United States Attorney Nicole A. Jabaily represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

August 29, 2011, alleging disability since December 7, 2009, due to a herniated neck; back problem, including the low back; severe headaches/concussion; sciatic nerve; carpal tunnel in both hands with no feeling in the left hand; numbness in the right leg, the second and third toes on the right foot, and the fourth and fifth fingers of the right hand; arthritis; broken right collar bone; and right knee problems. Tr. 171-179, 221, 225. The application was denied initially and upon reconsideration. Tr. 92-94, 96-97. Administrative Law Judge (ALJ) Verrell Dethloff held a hearing on August 15, 2013 and heard testimony from Plaintiff and vocational expert, Trevor Duncan. Tr. 55-72. Plaintiff was represented by council. *Id*. The ALJ issued an unfavorable decision on September 5, 2013. Tr. 30-47. The Appeals Council denied review on May 27, 2015. Tr. 1-7. The ALJ's September 5, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 20, 2015. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 48 years old at the alleged date of onset. Tr. 173. The last grade Plaintiff completed was the ninth in 1976. Tr. 226. She last worked in December 2009 and reported she stopped working because of her condition. Tr. 225.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's denial of benefits *de novo*, deferring to the agency's reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 5, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 7, 2009, the alleged date of onset. Tr. 32.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, carpal tunnel syndrome status post release, mild left cubital tunnel syndrome, and mild right ulnar neuropathy. Tr. 32.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 34.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [S]he is able to stand or walk for 6 hours in an 8-hour workday as well as sit for 6 hours in an 8-hour workday; she is able to push and pull within these limits; she is able to frequently climb (ramps, stairs, ladders, ropes, and scaffolds), frequently stoop, occasionally reach overhead, and occasionally finger. She must avoid concentrated exposure to extreme cold, extreme heat, and hazards.

Tr. 34-35. The ALJ identified Plaintiff's past relevant work as an agricultural produce sorter and sales clerk. Tr. 44. He concluded that Plaintiff was able to perform this past relevant work. *Id*.

As an alternative to a step four denial, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of counter clerk and sandwich board carrier. Tr. 45-46. The ALJ concluded Plaintiff was not under a disability within

the meaning of the Social Security Act at any time from the alleged date of onset, December 7, 2009, through the date of the ALJ's decision, September 5, 2013. Tr. 46.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Appeals Council erred by failing to consider the opinion of Anthony E. Francis, M.D., and the ALJ erred by (1) failing to properly consider Plaintiff's testimony about the severity of her symptoms, and (2) presenting an inaccurate hypothetical to the vocational expert.

## DISCUSSION

**A.    The Opinion of Anthony E. Francis, M.D.**

Plaintiff argues that this Court should consider the opinion of Dr. Francis and that the Appeals Council failed to properly consider the opinion prior to denying Plaintiff's request for review. ECF No. 14 at 7-9. Defendant does not challenge Plaintiff's assertion that this Court should consider Dr. Francis' opinion, but argues that even with the opinion, substantial evidence still supports the ALJ's decision. ECF No. 15 at 11-17.

It is well established that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-1160 (9th Cir. 2012). Indeed, this additional evidence is relevant "so long as it relates to the period on or before the ALJ's decision." *Id*. at 1162 (citing 20 C.F.R. § 404.970(b)).

On September 1, 2014, after the ALJ's decision, Dr. Francis reviewed the medical records available to the ALJ at the time of his decision, and opined that

Plaintiff "has bilateral upper multiple extremity pathology . . . and equals 1.02 B since the AOD of [12/07/09] on a more likely than not basis." Tr. 772.

Dr. Francis's opinion was not available for review for the ALJ's September 5, 2013, opinion, Tr. 48-52, but it was associated with the record by the Appeals Council, Tr. 6. Despite associating the evidence with the record, the Appeals Council failed to discuss Dr. Francis' report. It simply stated that "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Tr. 2. Plaintiff asserts that this constitutes an error on the part of the Appeals Council for failing to properly consider the opinion prior to denying review. ECF No. 14 at 8. While, this Court agrees that the Appeals Council's silence regarding Dr. Francis' opinion potentially runs afoul of 20 C.F.R. § 404.1527(c), stating that "[r]egardless of its source, we will evaluate every medical opinion we receive," this Court does not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because such a decision is a non-final agency action. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011); *Brewes*, 682 F.3d at 1159-1160.

Instead, this Court presumes that the Appeals Council considered Dr. Francis' opinion because it was associated with the record. The opinion thus becomes part of the body of evidence this Court considers when evaluating whether substantial evidence supports the ALJ's decision. *Brewes*, 682 F.3d at 1162. Sometimes a decision that was supported by substantial evidence at the ALJ stage could cease to be supported by substantial evidence after the Appeals Council's denial of review. *Id*. at 1163; *Taylor*, 659 F.3d at 1232.

Here, the ALJ determined that Plaintiff did not meet or equal listing 1.02. Tr. 34. The ALJ found that Plaintiff was "able to use her arms and hands effectively, including daily tasks like cooking, cleaning, and emailing." *Id*. In coming to this determination, he gave great weight to the opinion of Dr. Hurley, a

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

nonexamining physician, who reviewed the evidence in the record as of January 10, 2012, stating "[t]here are no other probative medical opinions in the record that contradict Dr. Hurley's assessment." Tr. 40-41, 86-89. Dr. Hurley, based on the limited record he had, opined Plaintiff did not meet or equal listing 1.02. Tr. 86-87. In contrast, Dr. Francis formed his opinion after reviewing all of the records that were before the ALJ at the time of his decision. Tr. 772-773. Additionally, Dr. Francis' opinion summarized the objective medical evidence in the file, supporting his conclusion that Plaintiff's ability to perform fine and gross movements were impaired and that Plaintiff equaled listing 1.02. *Id*. Considering, the ALJ's determination failed to address the objective medical evidence in coming to his step three determination, it was based on the opinion of a nonexamining physician who did not review all the records, and a nonexamining physician who did review all of the medical records came to an alternative conclusion, the ALJ's step three determination is not supported by substantial evidence.

Therefore, the case is remanded for additional proceedings for the ALJ to make a new step three determination, and in doing so to consider and weigh the opinion of Dr. Francis.

**B.  Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 14 at 9-14.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ stated that he applied a "reasonableness" standard in forming his credibility determination in accord with regulatory guidelines. Tr. 36. Despite

the regulatory guidelines referred to by the ALJ, the Ninth Circuit has consistently held that absent evidence of malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting Plaintiff's testimony. *Smolen*, 80 F.3d at 1281; *Tommassetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014).

Considering the case has been remanded for additional proceedings, the ALJ is instructed to conduct a *de novo* hearing and reconsider Plaintiff's credibility applying the correct standard for the Ninth Circuit.

C. **Inaccurate Hypothetical Question**

Plaintiff argues the ALJ erroneously relied on the opinion of the vocational expert when that opinion was based on an inaccurate hypothetical. ECF No. 14 at 15-16.

An ALJ is only required to present the vocational expert with those limitations the ALJ finds to be credible and supported by the evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-1166 (9th Cir. 2001). Considering the case is being remanded for the ALJ to consider Dr. Francis' opinion, the ALJ is instructed to hold a *de novo* hearing to consider the entire record at steps one through five. Should a step four or five determination be necessary, the ALJ is instructed to elicit testimony from a vocational expert.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)

(noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to consider the opinion of Dr. Francis. In doing so, the ALJ is instructed to hold a *de novo* hearing addressing step three, Plaintiff's credibility, and, if necessary, Plaintiff's residual functional capacity. The ALJ is instructed to supplement the record with any outstanding medical evidence; take testimony from an orthopedic medical expert regarding whether or not Plaintiff meets or equals a listing and, if not, to narrate a residual functional capacity opinion; and to take testimony from a vocational expert if a step four or five determination is necessary.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff**

1 | and the file shall be **CLOSED**.

2 | DATED July 11, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10